# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, et al.¹,<br><br>                   Remaining Debtors.<br>------------------------------------------------------------<br>MICHAEL GOLDBERG, in his capacity as Liquidating Trustee of the WOODBRIDGE LIQUIDATING TRUST,<br><br>                   Plaintiff,<br><br>v.<br><br>JAMES LAMONT,<br><br>                   Defendant. | Chapter 11<br><br>Case No: 17-12560 (JKS)<br><br>(Jointly Administered)<br><br><br><br><br>Adv. Pro. No. 19-50952-JKS<br><br><br><br>**No hearing will be held unless requested or ordered by the Court.**<br><br>**Objection Deadline: April 28, 2021 at 4:00 p.m.** |

## MOTION OF JAMES TOBIA TO WITHDRAW AS COUNSEL FOR JAMES LAMONT

Pursuant to Local Bankruptcy Rule 9010-2 of the Local Bankruptcy Rules for the Delaware Bankruptcy Court, James Tobia Esq. ("Movant") respectfully moves for leave from this Court to withdraw appearance as counsel for Defendant James Lamont. In support of this motion to withdraw as counsel (the "Motion"), Movant respectfully represents as follows:

---

¹ The Remaining Debtors and the last four digits of their respective federal tax identification numbers are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172).

**BACKGROUND**

1. Movant is a member of the Bar of the State of Delaware and admitted to practice in this Court.

2. The Movant represents the Defendant in the above-captioned adversary proceeding (the "Adversary Proceeding").

3. On or about December 17, 2019, the Defendant entered into a written retention agreement (the "Agreement") with Movant regarding the above-captioned bankruptcy case. The Agreement permits either party to terminate the engagement for any reason, including client's failure to cooperate fully in the defense or to satisfy financial obligations.

4. On January 31, 2020, Movant filed the *Answer and Affirmative Defenses to Adversary Complaint: (I) For Avoidance and Recovery of Avoidable Transfers; and (II) For Sale of Unregistered Securities, For Fraud, and For Aiding and Abetting Fraud* for the Defendant.

5. The Movant diligently represented the interests of the Defendant during the course of the adversary proceeding. However, the Defendant has not met his financial obligations to Movant and communications have been inconsistent.

6. As such, the continued representation of the Defendant will impose an unreasonable financial burden on the Movant.

7. The case is still in the early stages and the parties have not yet conducted discovery. As such, the Movant's withdrawal will not result in a material adverse effect on the Defendant.

8. The Defendant has been informed of the full and complete basis on which the Movant seek withdrawal; as well as the intention of the Movant to file the Motion. The Movant believes that the Defendant will not object to the withdrawal.

**BASIS FOR RELIEF REQUESTED**

9. Rule 9010-2 of the Local Rules of Bankruptcy Procedure provides that an attorney may withdraw as counsel by order on a motion duly noticed. Delaware Professional Conduct Rule 1.16(b)(5) also allows the lawyer to withdraw from representing a client if the representation or client fails to substantially fulfill an obligation to the lawyer's services, such as non-payment of fees and Delaware Professional Conduct Rule 1.16(b)(6) allows a lawyer to withdraw as attorney if the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client.

10. The Movant has effectively, consistently and diligently represented the Defendant in this Adversary Proceeding. Nevertheless, despite requests, the Defendant has failed to fulfill his financial obligation to Movant. Consequently, the continued representation of the Defendant will impose an unreasonable financial burden on the Movant.

11. Movant requests that the Court allow him to withdraw as counsel and from representing the Defendant in the Adversary Proceeding and in the Bankruptcy Case.

12. The Movant's withdrawal as counsel for the Defendant will not disrupt this litigation and will have no adverse material effect to the Defendant at this stage of the case as discovery has not yet commenced.

13. Movant conferred with Plaintiff's counsel before filing this Motion but has not yet received Plaintiff' position on the request.

**CERTIFICATION OF COUNSEL**

14. Pursuant to Local Bankruptcy Rule 9010-2(b), Movant informed the Defendant of the Movant's intention to withdraw as counsel and the reasons for the withdrawal.

15. The Movant believes the Defendant will not object to the withdrawal as counsel.

**PRAYER**

WHEREFORE, the undersigned counsel respectfully requests that this Court enter an Order: (a) Granting this Motion; (b) Authorizing Movant to withdraw as counsel of record for the Defendant for both the Adversary Proceeding and the Bankruptcy Case; (c) Relieving Movant of any and all further obligations on behalf of the Defendant; (d) Providing the Defendant with at least thirty (30) days to retain successor counsel, if any, before any additional deadlines are imposed upon him; (e) Directing Defendant to cooperate in promptly rescheduling mediation; and (f) Directing that all future pleadings, motions, discovery and any and all other communications concerning this matter be sent to:

James Lamont
98 Vivian Court
Novato, CA 94947
    lamontfinancial@yahoo.com
    (415)307-5228

until such time as successor counsel, if any, enters an appearance; and (g) awarding such other and further relief as this Court deems just and proper.

Dated: April 14, 2021

    **Respectfully submitted,**

    **THE LAW OFFICE OF JAMES TOBIA, LLC**
    By: /s/ *James Tobia*
    James Tobia (#3798)
    1716 Wawaset Street
    Wilmington, DE 19806
    Tel. (302) 655-5303 Fax (302) 656-8053
    Email: jtobia@tobialaw.com

    *Counsel for the Defendant*